UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| CHRIS BROOKS,<br>FRANCIS RENCOUNTRE,<br>GLORIA RED EAGLE,<br>SHARON CONDEN,<br>JACQUELINE GARNIER,<br>JENNIFER RED OWL,<br>EDWINA WESTON,<br>MICHELLE WESTON,<br>MONETTE TWO EAGLE,<br>MARK A. MESTETH,<br>STACY TWO LANCE,<br>HARRY BROWN,<br>ELEANOR WESTON,<br>DAWN BLACK BULL,<br>CLARICE MESTETH,<br>DONOVAN L. STEELE,<br>EILEEN JANIS,<br>LEONA LITTLE HAWK,<br>EVAN RENCOUNTRE,<br>CECIL LITTLE HAWK, SR.,<br>LINDA RED CLOUD,<br>LORETTA LITTLE HAWK,<br>FAITH TWO EAGLE,<br>EDMOND MESTETH, and<br>ELMER KILLS BACK, JR.,<br><br>    Plaintiffs,<br><br>vs.<br><br>JASON GANT, in his official capacity as<br>South Dakota Secretary of State,<br>SHANNON COUNTY, SOUTH DAKOTA,<br>FALL RIVER COUNTY, SOUTH DAKOTA,<br>SHANNON COUNTY BOARD OF<br>COMMISSIONERS,<br>FALL RIVER COUNTY BOARD OF<br>COMMISSIONERS,<br>JOE FALKENBUERG, in his official<br>capacity as a member of the County Board<br>of Commissioners for Fall River County,<br>South Dakota,<br>ANNE CASSENS, in her official capacity as<br>a member of the County Board of<br>Commissioners for Fall River County,<br>South Dakota,<br>MICHAEL P. ORTNER, in his official<br>capacity as a member of the County Board | CIV. 12-5003-KES<br><br><br><br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS AND DENYING<br>PLAINTIFFS' MOTION FOR<br>PRELIMINARY INJUNCTION AS<br>MOOT |

| | |
|---|---|
| of Commissioners for Fall River County, South Dakota, | ) ) |
| DEB RUSSELL, in her official capacity as a member of the County Board of Commissioners for Fall River County, South Dakota, | ) ) ) ) ) |
| JOE ALLEN, in his official capacity as a member of the County Board of Commissioners for Fall River County, South Dakota, | ) ) ) ) |
| BRYAN J. KEHN, in his official capacity as a member of the County Board of Commissioners for Shannon County, South Dakota, | ) ) ) ) |
| DELORIS HAGMAN, in her official capacity as a member of the County Board of Commissioners for Shannon County, South Dakota, | ) ) ) ) |
| EUGENIO B. WHITE HAWK, in his official capacity as a member of the County Board of Commissioners for Shannon County, South Dakota, | ) ) ) ) |
| WENDELL YELLOW BULL, in his official capacity as a member of the County Board of Commissioners for Shannon County, South Dakota, | ) ) ) ) |
| LYLA HUTCHISON, in her official capacity as a member of the County Board of Commissioners for Shannon County, South Dakota, | ) ) ) ) |
| SUE GANJE, in her official capacity as the County Auditor for Shannon and Fall River Counties, and | ) ) ) |
| JAMES SWORD, in his official capacity as Attorney for Shannon and Fall River Counties, | ) ) ) |
| Defendants. | ) ) |

Plaintiffs move for a preliminary injunction compelling defendants to establish satellite early voting locations within Shannon County for the full 46 days of in-person absentee voting that is allowed under South Dakota law. Docket 2. Plaintiffs claim that the lack of early voting in Shannon County has a disparate impact on Native Americans' voting rights and significantly hinders

2

the ability of Native Americans to participate in the political process. Defendants resist this motion. Docket 44 & 45. Defendants move the court to dismiss plaintiffs' motion for preliminary injunction because the claim is moot. Docket 55. Plaintiffs resist that motion. Docket 58. For the following reasons, defendants' motion to dismiss plaintiffs' motion for preliminary injunction is granted, and plaintiffs' motion for a preliminary injunction is denied as moot.

## BACKGROUND

Plaintiffs requested a hearing as to whether preliminary injunctive relief was appropriate for the matters in dispute in this case. Plaintiffs specifically requested that the court "enter a preliminary injunction directing Defendants to designate at least one early voting sight [sic] in Shannon County, to be open during regular business hours starting 46 days before the primary and general elections[.]" Docket 15 at 2. The court set a hearing date for March 8, 2012. On March 6, 2012, defendants filed a joint motion to dismiss plaintiffs' motion for preliminary injunction on the grounds that it was now moot due to the county's voluntary cessation of the allegedly injurious conduct and because all requested preliminary relief had been granted. Docket 55. The court heard evidence and oral argument on defendants' motion to dismiss plaintiffs' motion for preliminary injunction on March 8, 2012. The court gave an oral order granting defendants' motion to dismiss plaintiffs' request for preliminary relief and denying plaintiffs' motion for preliminary injunction as moot. This written order supplements the court's oral order.

**DISCUSSION**

Defendants argue that the preliminary injunction request is moot because all preliminary relief has been voluntarily given by defendants; therefore, the court does not retain jurisdiction over the claim. Plaintiffs assert that the issue is not moot because the claim is capable of repetition, yet evading review. Because plaintiffs requested both preliminary and permanent relief, the court will determine whether both are moot.

"Federal courts are courts of limited jurisdiction and can only hear actual 'cases and controversies' as defined under Article III of the Constitution." *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir. 1994). If a case does not have an ongoing case or controversy then it becomes moot, and a federal court cannot retain jurisdiction to hear the claim. *Id.* "Defendants who argue mootness due to changed circumstances based on their own behavior face a heavy burden . . . because, in general, 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.' " *Charleston Hous. Auth. v. U.S. Dep't of Agric.*, 419 F.3d 729, 740 (8th Cir. 2005) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth*, 528 U.S. at 189 (citation omitted).

The Eighth Circuit Court of Appeals established a two-part test to determine whether the "capable-of- repetition-yet-evading-review" exception

4

applies to the mootness doctrine: " '(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again.' " *Hickman v. Missouri*, 144 F.3d 1141, 1142-43 (8th Cir. 1998) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)).

Plaintiffs can satisfy the first prong of the test because the Eighth Circuit has determinated that issues involving elections "are almost invariably of too short a duration in which to complete litigation and, of course, recur at regular intervals." *Van Bergen v. Minnesota*, 59 F.3d 1541, 1547 (8th Cir. 1995). Plaintiffs also satisfy the second prong of the test because they brought forth sufficient evidence that plaintiffs and other voters in Shannon County will face this issue again in the future. There was evidence that defendants changed the number of early voting days available within Shannon County in election years 2006, 2008, 2010, and 2012. There also was testimony at the March 8, 2012, hearing that funding is the only reason that early voting in Shannon County is not offered every year, and that funding will continue to be an ongoing struggle for the county. This is sufficient evidence for the court to determine that there is a reasonable expectation that plaintiffs will be subject to the same conduct in the next election cycle or that the conduct will recur. *See Charleston Hous. Auth.*, 419 F.3d at 740 (noting that the possibility of plaintiffs being subjected to the same action, albeit slightly different, was not so remote or speculative to remove the court's jurisdiction). For these reasons, plaintiffs' requested

*permanent* injunctive and declaratory relief is not mooted by defendants' voluntary cessation.

Plaintiffs' requested *preliminary* relief, however, is moot because defendants have provided or promised to provide all the relief that plaintiffs sought in their request for a preliminary injunction. Docket 15 at 2. Any anticipatory violations of plaintiffs' rights have been cured. Steps have been made to offer 46 days of early voting in Shannon County. Both the Shannon County Commissioners and the Fall River County Commissioners approved 46 days of early satellite voting for the 2012 primary and general elections. Both counties have revised their contracts for services to allow early voting to proceed. Arrangements for a satellite office within Shannon County are being made. Secretary of State Jason Gant has agreed to reimburse Shannon County with $12,000 of additional HAVA funds to offset costs associated with  early voting. In short, all the relief that plaintiffs requested in their motion for a preliminary hearing has been voluntarily granted by defendants. Preliminary injunctions are meant to protect those who are threatened by an imminent injury for which they have no legal remedy, which no longer applies to plaintiffs for the 2012 primary and general elections.

Alternatively, the court finds that although the court did not have to reach the underlying substantive issues on the merits, plaintiffs would not be able to prove that they are likely to sustain irreparable harm under the *Dataphase* factors. Following defendants' voluntary cessation and their agreement to provide early voting at satellite locations within Shannon County,

plaintiffs can no longer show that their harm is likely or imminent such that preliminary relief would be appropriate. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (noting that a preliminary injunction is not appropriate if there is no threat of irreparable harm to the movant).

Defendants are still working to finalize the details of early voting within Shannon County. Though defendants and election officials have articulated that they do not anticipate reversing any of their decisions to provide early voting before the primary or general elections, if defendants do not fulfill their promises,[1] then plaintiffs are to advise the court so the court can take appropriate action.

---

[1] Defendants made the following representations and promises for the 2012 election cycle during the March 8, 2012, hearing: that the Shannon County Commissioners will not reverse its decision to grant the full 46 days of early voting to occur at a satellite location within the borders of Shannon County; that the Shannon County Commissioners and the Fall River County Commissioners will not reverse the decision to amend the 2012 service contract to remove the no-notice, no-reason termination/resignation provision; that Shannon County will execute the proposed lease agreement for its satellite voting location in Pine Ridge or it will find a suitable alternate location to hold the preliminary and general election early voting within Shannon County; that Shannon County election officials Sue Ganje, Lyla Hutchison, and James Sword will do everything in their power to ensure that the full period of early voting occurs, and if they cannot fulfill their duties then officials from Shannon County and Fall River County will step in and run the early voting; that Shannon County will obtain permission on all preclearance issues as soon as possible; if an emergency occurs, then Secretary of State Gant will ensure that early voting in Shannon County occurs as provided under South Dakota law; and Secretary of State Gant will reimburse Shannon County with $12,000 of additional HAVA funds to offset costs associated with early voting.

## CONCLUSION

Because defendants have voluntarily given plaintiffs all forms of requested preliminary relief, dismissal of plaintiffs' request for preliminary injunction is appropriate on mootness grounds. Plaintiffs' claims for declaratory relief and permanent injunctive relief are live claims and are capable of repetition, yet evading review. Therefore, it is

ORDERED that defendants' motion to dismiss plaintiffs' motion for preliminary injunction (Docket 55) is granted.

IT IS FURTHER ORDERED that plaintiffs' motion for preliminary injunction (Docket 2) is denied as moot.

IT IS FURTHER ORDERED that defendants will obtain and file amended contracts between Fall River County and Shannon County and Shannon County and State's Attorney James Sword with the court without scrivener's errors by **April 9, 2012**.

Dated March 14, 2012.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
CHIEF JUDGE