UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| CHRIS BROOKS, | ) | CIV. 12-5003-KES |
| FRANCIS RENCOUNTRE, | ) | |
| GLORIA RED EAGLE, | ) | |
| SHARON CONDEN, | ) | |
| JACQUELINE GARNIER, | ) | |
| JENNIFER RED OWL, | ) | |
| EDWINA WESTON, | ) | |
| MICHELLE WESTON, | ) | |
| MONETTE TWO EAGLE, | ) | |
| MARK A. MESTETH, | ) | |
| STACY TWO LANCE, | ) | |
| HARRY BROWN, | ) | |
| ELEANOR WESTON, | ) | ORDER DENYING |
| DAWN BLACK BULL, | ) | BILL OF COSTS |
| CLARICE MESTETH, | ) | |
| DONOVAN L. STEELE, | ) | |
| EILEEN JANIS, | ) | |
| LEONA LITTLE HAWK, | ) | |
| EVAN RENCOUNTRE, | ) | |
| CECIL LITTLE HAWK, SR., | ) | |
| LINDA RED CLOUD, | ) | |
| LORETTA LITTLE HAWK, | ) | |
| FAITH TWO EAGLE, | ) | |
| EDMOND MESTETH, and | ) | |
| ELMER KILLS BACK, JR., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JASON GANT, in his official capacity as | ) | |
| South Dakota Secretary of State, | ) | |
| SHANNON COUNTY, SOUTH DAKOTA, | ) | |
| FALL RIVER COUNTY, SOUTH DAKOTA, | ) | |
| SHANNON COUNTY BOARD OF | ) | |
| COMMISSIONERS, | ) | |
| FALL RIVER COUNTY BOARD OF | ) | |
| COMMISSIONERS, | ) | |
| JOE FALKENBUERG, in his official | ) | |
| capacity as a member of the County Board | ) | |
| of Commissioners for Fall River County, | ) | |
| South Dakota, | ) | |
| ANNE CASSENS, in her official capacity as | ) | |
| a member of the County Board of | ) | |
| Commissioners for Fall River County, | ) | |
| South Dakota, | ) | |
| MICHAEL P. ORTNER, in his official | ) | |
| capacity as a member of the County Board | ) | |

| | |
|---|---|
| of Commissioners for Fall River County, South Dakota, | ) ) |
| DEB RUSSELL, in her official capacity as a member of the County Board of Commissioners for Fall River County, South Dakota, | ) ) ) ) |
| JOE ALLEN, in his official capacity as a member of the County Board of Commissioners for Fall River County, South Dakota, | ) ) ) ) |
| BRYAN J. KEHN, in his official capacity as a member of the County Board of Commissioners for Shannon County, South Dakota, | ) ) ) ) |
| DELORIS HAGMAN, in her official capacity as a member of the County Board of Commissioners for Shannon County, South Dakota, | ) ) ) ) |
| EUGENIO B. WHITE HAWK, in his official capacity as a member of the County Board of Commissioners for Shannon County, South Dakota, | ) ) ) ) |
| WENDELL YELLOW BULL, in his official capacity as a member of the County Board of Commissioners for Shannon County, South Dakota, | ) ) ) ) |
| LYLA HUTCHISON, in her official capacity as a member of the County Board of Commissioners for Shannon County, South Dakota, | ) ) ) ) |
| SUE GANJE, in her official capacity as the County Auditor for Shannon and Fall River Counties, and | ) ) ) |
| JAMES SWORD, in his official capacity as Attorney for Shannon and Fall River Counties, | ) ) ) |
| Defendants. | ) ) |

Defendants seek $6,328.54 in their bill of costs, which was filed after this court dismissed without prejudice plaintiffs' complaint on ripeness grounds. After the complaint was filed, defendants voluntarily agreed to provide all the relief plaintiffs requested through the 2018 election cycle. The court dismissed the complaint on ripeness grounds, because any potential injury to

2

plaintiffs after 2018 would be too speculative, uncertain, and was not imminent. In effect though, plaintiffs received all the relief they requested.

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." 28 U.S.C. § 1920 enumerates the costs that are recoverable. While Rule 54(d) presumes an award of costs to the prevailing party, the district court retains substantial discretion in awarding costs. *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000). In fact, Rule 54(d) uses permissive terms and generally grants a federal court the discretion to refuse to tax costs in favor of the prevailing party. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006). A district court's decision concerning the award of costs is reviewed for an abuse of discretion. *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 695 (8th Cir. 2001).

Under the facts of this case, it would be unjust to require plaintiffs to pay defendants' costs. Defendants refused to provide plaintiffs with the relief they requested until this lawsuit was filed. It was only when defendants faced actual litigation that defendants were able to work cooperatively with each other to provide the relief sought by plaintiffs. Additionally, plaintiffs stood to gain nothing personally from this Voting Rights Act litigation. The action was brought by individual plaintiffs, all of whom are persons without great means, to vindicate the voting right of all Native Americans who live on the Pine Ridge Indian Reservation. Defendants on the other hand, who are being represented

by the South Dakota Public Assurance Alliance, have the wherewithal to afford to pay their share of the costs associated with this litigation. Had defendants voluntarily agreed to provide the relief requested by plaintiffs when approached before the litigation was filed, they could have avoided the costs they are now seeking. It is

ORDERED that no costs will be taxed to either party.

Dated September 19, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE